ELIZABETH M. CROSBY, as Trustee, etc., Appellant, *v.* MOSES H. MOSES, Respondent.

(Argued March 21, 1883; decided April 17, 1883.)

DEFENDANT was in the occupation of certain premises under a lease which gave to the lessor the option to renew the lease

for twenty-one years at an annual rental to be agreed upon by the parties or to be determined by arbitrators, or to take possession at the expiration of the term, paying in such case to the lessee or assigns the value of the buildings on the premises. The complaint asked that such value be determined and that upon payment thereof plaintiff have possession, etc. Defendant claimed a right, and the court below decided he was entitled to a renewal of the lease for twenty-one years. The facts and conclusions of the court are stated in the opinion, as follows:

"The evidence justifies the conclusion that the defendant was entitled to a renewal of the lease, but we think the court below erred in extending the term to twenty-one years. The renewal of December, 1871, was for five years from May 1, 1874, and when the defendant applied for a new lease, the conversation with Lindley, the lessor's agent and attorney, settled down to a declaration that he would be willing to take it for another term of five years, upon, as the defendant thinks, a valuation of $3,500. No objection seems to have been made to the 'terms,' but the lessor's attorney thought the valuation 'too low,' and the defendant told him to inquire, adding, 'this thing must be settled.' I think it obvious, from the testimony both of the defendant and Lindley, the attorney, that the only matter to be adjusted was the amount of rent; that was 'the thing' in question. This further appears, from the reason assigned by the defendant, viz.: that he must know what to do with his tenant, who was bothering him 'the same' as he was the lessor, and Lindley replied, 'go on and let it.' Lindley testifies that the defendant said he did not desire a twenty-one years lease, 'and he (Lindley) said we have no objection to giving a five years lease at a fair valuation.' He agrees with defendant that there was a conflict in regard to valuation, and both agree that these interviews were followed by the selection of arbitrators and an appraisal. One of the arbitrators, Crosby, selected by the plaintiff, valued the property at $5,000. Lovejoy, selected by the defendant, put it at $3,500, while Martin, the umpire, whose decision was, by the terms of the arbitration clause in the lease, to be final, fixed the sum at $3,700.

This was done June 12, 1879, and on the 16th of June Lindley notified the defendant that the lease was drawn and ready for execution. After reaching this point the parties changed their positions. The plaintiff claimed that the arbitration was merely preliminary to her election whether to take the building or give a new lease, and the defendant, that by consenting to arbitrate she became bound, by the terms of the original lease, to a renewal of twenty-one years. Neither claim is admissible. Each is inconsistent with the previous conduct of both parties. There is some evidence that Lovejoy, the defendant's appraiser, and Martin, the umpire, understood a lease for twenty-one years was intended. They were led to this by Crosby, but Crosby was not shown to have authority from the plaintiff. She, so far as appears, referred the matter to Lindley, and the latter acted for her. As to the arbitration, it was no doubt provided for by the lease, but the term was subject to change, and this was effected by parol. We think, therefore, that the judgment as it now stands is erroneous."

*Sutherland Tenney* for appellant.

*George S. Hamlin* for respondent.

DANFORTH, J., reads for reversal and a new trial unless the defendant stipulates to accept a lease for five years instead of twenty-one years. If he stipulates to do so, the judgment is so modified, and as modified, affirmed.

All concur.

Judgment accordingly.